```
                                              FILED          LODGED
                                              RECEIVED       COPY

                                                JAN - 4 2016

                                              CLERK U S DISTRICT COURT
                                              DISTRICT OF ARIZONA
                                              BY_____ DEPUTY
```

RICHARD SHUPE, PRO SE
3657 S DOUBLE ECHO RD
TUCSON, AZ 85735
520-578-6400

## UNITED STATES DISTRICT COURT

### PIMA COUNTY ARIZONA

**CV 16-0001 TUCDCB**

Richard Shupe                              Case No. _____

    Plaintiff

v.                                         **COMPLAINT FOR:**
                                           **VIOLATION OF 47 U.S.C. 227**
Walgreens Co.                              **VIOLATION OF 47 C.F.R. 64:1200**
                                           **NEGLIGENCE**
    Defendant                          **A.R.S. 44-1282**

### DEMAND FOR TRIAL BY JURY

---

Comes now the Plaintiff in the above entitled action and herein submits his complaint for the above stated claims.

### JURISDICTION

This Court has jurisdiction to hear all cases involving violations of federal laws; 28 U.S.C. 1331. also see **Mims v. Arrow Financial Svs. 132 S. Ct. 740, 565, U.S. 181 L Ed .2d, 881.**

This Court has supplemental jurisdiction to hear the state law claim of negligence.

Venue : Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2), in that the events or omissions give rise to the Plaintiffs claims occurred in this district.

1

## PARTIES

The Plaintiff is a natural person whom resides in Pima County Arizona. The defendant is a company doing business as a drugstore whose principle place of business is located in Deerfield, IL.

## STATEMENT OF CLAIMS

This action arises from the willful, knowing, violations of the TCPA by the defendant who called the Plaintiff fourteen times absence expressed consent, violating 47 U.S.C. 227; 64:1200 (c)(2) and ARS 44-1282.

## HISTORY

The Plaintiffs cell phone operating under the telephone number ending in 6400, is a prepaid cellular phone of which service is provided by Tracfone. This service is defined as a "prepaid service" pursuant to 47 U.S.C. 227.

Said telephone number belonging to the Plaintiff, was placed upon the National Do Not Call Registry, (hereinafter named DNCR) more than three years prior to the Defendant placing calls to the Plaintiff.

The Defendant, absence "expressed" consent, call the Plaintiffs cell phone 14 times leaving a pre-recorded messages. The defendant more than two years ago, was informed by mail by the Plaintiff, not to call said number for any reason.

In part, the defendant called the Plaintiffs cell phone to take part in a "survey". The

2

defendant, by calling the Plaintiff, caused the Plaintiff to incur cost related to pre-paid minutes being subtracted from the Plaintiffs phone, from said incoming calls by the Defendant.

## COUNT I
## VIOLATION OF 47 U.S.C. 227
## (TELEPHONE COMMUNICATIONS PROTECTION ACT)

In 1991, the congress of the United States enacted the Telephone Communications Protection Act, codified 47 U.S.C. 227; hereinafter named the TCPA. Congress assigned over-site of the TCPA to the Federal Communications Corporation, hereinafter named the FCC. The FCC is permitted to promulgate rules for the enforcement of the TCPA.

The TCPA provides for a private right of action to person who receive calls in violation of the TCPA. see: **47 U.S.C. (b)(3); also see DKT 02-278, Released Feb. 15th, 2012, by the FCC rule 4.** Prior "expressed consent" must come from the "called party/ current subscriber" see: **Osorio v. State Farm Bank, F.S.V. No. 13-10951, 2014 WL 1258023.** Other district courts have upheld Osorio; see: **Soppet v. Enhanced Recovery Co. LLC , F.3d, 637, (7th Cir.) also holding:** "expressed consent can be revoked at any time"

The TCPA makes it unlawful , pursuant to 47 U.S.C. 227(b)(1)(A) (" to make **any** call, (other than a call made for emergency purposes or made with prior expressed consent of the called party), using an automatic telephone dialing system or an artificial or pre-recorded

3

voice...to **any** telephone number assigned to a cellular telephone service; and for services in which the called party is charged for the calls"

The defendant, absence "expressed consent" to call the Plaintiff, called the Plaintiff's pre-paid cellular telephone leaving pre-recorded messages during the year 2015, fourteen times. The defendants TCPA violations were committed knowingly and or willfully.

## COUNT II
## VIOLATION OF 64:1200(c)(2)

The DNCR was separately enacted to supplement the TCPA. The statute also requires expressed consent to make a call to any telephone number listed on the DNCR. Fourteen times, the defendant called the Plaintiffs pre-paid cell phone absence expressed consent in violation of 64:1200(c)(2), in the year 2015.

## COUNT II
## NEGLIGENCE

The defendant was negligent by their failure to abide by federal law. The defendant was negligent buy calling a party after being ask not to call. see **16 C.F.R. 310.4(b)(iii)(A).** The defendant was negligent by calling a party listed on the DNCR, absence expressed consent. In 2015, the defendant settled a class action lawsuit for the same claims, found in this instant complaint. see **Kolinek v. Walgreens 13-cv-04806.**

Thereby, the defendant can't plead ignorance of the TCPA.

4

## COUNT IV
## A.R.S. 44-1282
### (ARIZONA TELEMARKET STATUTE)

All calls to the Plaintiff, from the Defendant, originated from Tucson, Arizona. ( The Defendants store located at the intersection of Cardinal and Valencia).  If said calls are intrastate,  and are therein subject to the liability of the TCPA, then A.R.S. 44-1282 is applicable.

## PRAYER FOR RELIEF

**COUNT I: VIOLATION OF THE TCPA:**

There is no justification or exception for the defendant making 14 calls to the Plaintiffs prepaid cell phone absence expressed consent.  The statutory damages under the TCPA is $500.00 for each call.  The defendant made said calls knowingly and or willfully, thereby the Plaintiff seeks statutory damages of $1,500.00 per call; a total of $21,000.00.

**COUNT II: VIOLATON OF 64:1200(C)(2); DNCR**

The Plaintiff seeks $1,500 for each call under count two of this complaint.  There is no justification or exception for the blatant violations of the DNCR by the defendant.  Plaintiff seeks a total of $21,000.00 under this count.

**COUNT III: NEGLIGENCE**

The defendant was grossly negligence for making said calls to the Plaintiff.  The defendant caused emotion distress to the Plaintiff in the form of anger, physical upset, emotional upset, and other negative emotions. The Plaintiff seeks $10.000 in compensatory

damages under this count. The defendants actions were done knowingly and or willfully.

Thereby, the Plaintiff seeks three times the total awards under counts I and II, for punitive

damages. The total amount sought under this count is $53, 000.00.

**COUNT IV: A.R.S. 44-1282**

There is no excuse or justification for the Defendants violations of A.R.S. 44-1282. The

Plaintiffs seeks statutory damages of $1,000.00 per call in addition to all other above stated

counts.

In addition:

The Plaintiffs seeks reasonable attorney fees.

The Plaintiffs seeks cost.
The Plaintiffs pre adjudication interest at the rate of 12%.
The Plaintiff seeks other cost that may be deem appropriate.



**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted this \_4\_\_ day of Jan. 2015

_____
Richard Shupe

6