Douglas R. Cullins, Bar #022402
Kenneth L. Moskow, Bar #029839
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-1700
Fax: (602) 651-7509
dcullins@jshfirm.com
kmoskow@jshfirm.com

*Attorneys for Defendant Walgreen Arizona Drug Co.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| Richard Shupe, | NO. CV16-0001 TUCDCB |
|---|---|
| Plaintiff, | |
| v. | **MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)** |
| Walgreen Co., | |
| Defendant. | **(Oral Argument Requested)** |

Defendant Walgreen Arizona Drug Co.[1] ("Defendant"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves the Court to dismiss Plaintiff's Complaint. Plaintiff's Complaint does not contain sufficient allegations of underlying facts to give fair notice and to enable Defendant to defend itself effectively. Thus, the Complaint does not plausibly suggest an entitlement to relief such that it is not unfair to require Defendant to be subjected to the expense of discovery and continued litigation. Accordingly, Plaintiff's Complaint fails to satisfy FRCP 8(a)(2) and should be dismissed pursuant to FRCP 12(b)(6).[2]

---

[1] Improperly named in Plaintiff's Complaint as "Walgreen Co."

[2] Walgreen does not waive any affirmative defense by filing this Motion to Dismiss. Out of an abundance of caution, Walgreen asserts all the defenses set forth in Rules 8(c) and 12(b), Fed. R. Civ. P., including, but not limited to: assumption of the risk, contributory negligence, lack of jurisdiction over the subject matter, lack of jurisdiction over the person, duress, estoppel, set-off, failure to join an indispensable party, failure of consideration, fraud, illegality, laches, statute of limitations, insufficiency of process and insufficiency of service of process, waiver, intervening/superseding causes, comparative negligence, failure to mitigate, contribution and satisfaction.

4753304.1

1  This Motion is supported by the following Memorandum of Points and
2  Authorities, the Court record and any oral argument that may be heard on the matter.

3  **MEMORANDUM OF POINTS AND AUTHORITIES**

4  **I.    PLAINTIFF'S ALLEGATIONS[3]**

5  In his Complaint, Plaintiff alleges four claims: (1) Violation of the
6  Telephone Communications Protection Act ("TCPA"); (2) Violation of [C.F.R. §]
7  64.1200(C)(2); (3) negligence; and (4) A.R.S. § 44-1282 (i.e.: Arizona's Intrastate
8  Telemarketing Statute). (*See* Doc. 1). Plaintiff's claims arise from the same operative
9  alleged facts. (*Id.*).

10  Plaintiff alleges that his "cell phone operating under the telephone number
11  ending in 6400" was placed on the Do Not Call Registry before the alleged calls from
12  which this action arises were made. (*Id.* 2:18-28). Plaintiff further alleges that Defendant
13  called Plaintiff's cell phone fourteen times without express consent and left "pre-recorded
14  messages." (*Id.* 2:30-32). Plaintiff asserts that, "more than two years ago," Defendant
15  was "informed by mail . . . not to call said number for any reason." (*Id.* 2:32-34).

16  Plaintiff does not allege facts concerning each of the fourteen alleged phone
17  calls, stating only that "in part, the defendant called the Plaintiff's cell phone to take part
18  in a 'survey.'" (*Id.* 2:36). Plaintiff does not state how many of the fourteen alleged calls
19  involved an alleged survey or the alleged survey's subject matter. (*See generally* Doc. 1).

20  **II.   LEGAL STANDARD**

21  Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a
22  plaintiff's claims. When reviewing such a motion, "[a]ll allegations of material fact in the
23  complaint are taken as true and construed in the light most favorable to the nonmoving
24  party." *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997) (citation omitted).

---

[3] In assessing a Rule 12(b)(6) motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party." *Lee v. City of Kingman*, No. 3:14-CV-08218 JWS, 2015 WL 5013876, at *2 (D. Ariz. 2015) (citing *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir.1997)). Accordingly, the facts set forth herein are offered *arguendo* and solely for the purposes of this motion and do not constitute admissions. Defendant reserves its right, and affirms its intention, to deny any and all allegations as appropriate.

1  However, "to be entitled to the presumption of truth, allegations in a complaint . . . may
2  not simply recite the elements of a cause of action, but must contain sufficient allegations
3  of underlying facts to give fair notice and to enable the opposing party to defend itself
4  effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, "the factual
5  allegations that are taken as true must plausibly suggest an entitlement to relief, such that
6  it is not unfair to require the opposing party to be subjected to the expense of discovery
7  and continued litigation." *Id.* When a plaintiff's complaint offers only a *possible*
8  entitlement to relief, and not a *plausible* entitlement, such pleading does not support
9  further proceedings. *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th
10 Cir. 2013). To be considered plausible, the alleged facts, accepted as true, must tend to
11 exclude the alternative possibilities. *Id.* Although Plaintiff brings this action *pro se*,
12 "[p]ro se litigants must follow the same rules of procedure that govern other litigants."
13 *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) *overruled on other grounds by Lacey v.*
14 *Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (citation omitted).

15     Dismissal for failure to state a claim can be based on either "the lack of a
16 cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal
17 theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation
18 omitted). "Conclusory allegations of law . . . are insufficient to defeat a motion to
19 dismiss." *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

20 **III.**    **LEGAL POSITION**

21     **A.**    **Plaintiff's TCPA Claim (Count I) and 47 CFR § 64.1200 Claim (Count II) Are Not Properly Pled Because Neither Plausibly Suggests**
22         **Entitlement to Relief**

23     Plaintiff's Complaint fails to allege a plausible claim, as required. *Century*
24 *Aluminum Co.*, 729 F.3d at 1108. The facts alleged in Plaintiff's Complaint, even if
25 accepted as true, do not tend to exclude the alternative possibilities, as they must. *Id.*

26     Plaintiff alleges that Defendant left pre-recorded messages on his cell phone
27 fourteen times during the year 2015. Plaintiff does not provide any dates, does not
28 identify phone numbers from which the alleged messages were received, does not identify

4753304.1                             3

his own phone number (he only provides the last four digits), and does not provide details about the content of the messages, except that, "in part," a message allegedly involved a survey, which Plaintiff fails to describe. However, in alleging a TCPA claim, the "contention that [a plaintiff] must only allege that a call was placed to a cellular phone using an automatic telephone system, without any dates, details or identifying phone numbers, is not supported by case law." *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1254 (M.D. Fla. 2012) (multiple citations omitted). Because Plaintiff's Complaint does not include sufficient factual allegations to permit Defendant to check its records to determine whether it may be liable for the alleged conduct, Plaintiff failed to give Defendant "enough [information] to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007); *see also Augustin*, 43 F. Supp. 3d at 1254 (citing same). Accordingly, Plaintiff has pled insufficient facts in support of his TCPA claim and this claim should be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense . . . [b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'") (citing FRCP 8(a)(2)).

Moreover, Plaintiff does not state whether Defendant called him randomly or if Plaintiff was doing business with Defendant when the calls were made. This is significant because, under certain circumstances, if Plaintiff was doing business with Defendant, his TCPA claim may be barred. For example, 47 C.F.R. § 64.1200(a)(2) provides an exception to TCPA restrictions for a "call that delivers a 'health care' message made by, or on behalf of, a 'covered entity' or its 'business associate,' as those terms are defined in the HIPAA Privacy Rule, 45 CFR 160.103." "Health care means care, services, or supplies related to the health of an individual . . . [and] includes, but is not limited to . . . [s]ale or dispensing of a drug, device, equipment, or other item in accordance with a prescription. 45 C.F.R. § 160.103. Defendant is a corporation made up

of pharmacies.[4]  Plaintiff's allegations do not rule out the applicability of the "health care message" exception.

Moreover, if Plaintiff was doing business with Defendant and provided his phone number, he gave consent to be called, which is also an exception to the prohibitions of the TCPA.  *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1042 (9th Cir. 2012); *Baird v. Sabre Inc.*, 995 F. Supp. 2d 1100, 1106-07 (C.D. Cal. 2014) *aff'd*, (9th Cir. Feb. 3, 2016); *Saunders v. NCO Fin. Sys., Inc.*, 910 F. Supp. 2d 464, 467 (E.D.N.Y. 2012) ("[A]uthorities are almost unanimous that voluntarily furnishing a cellphone number to a vendor or other contractual counterparty constitutes express consent.") (citing multiple cases, *inter alia*, *Meyer v. Portfolio Recovery Associates*).

Additionally, the FCC exempts calls that are "made for a commercial purpose but do[] not include or introduce an advertisement or constitute telemarketing." 47 C.F.R. § 64.1200(a)(3)(iii).  To the extent that the alleged "survey" call Plaintiff claims he received involved feedback on services provided, or merely reminded Plaintiff that a prescription was due for refill, Plaintiff fails to state a claim upon which he is entitled to relief.

On the face of the Complaint, Plaintiff fails to allege a plausible claim, as required, because the alleged facts, accepted as true, do not tend to exclude the alternative possibilities, as they must.  *Century Aluminum Co.*, 729 F.3d at 1108.  Plaintiff's TCPA claim (Count I) and 47 CFR § 64.1200 claim (Count II) should be dismissed pursuant to FRCP 12(b)(6).  In the alternative, Defendant moves the Court to require that Plaintiff provide a more definite statement of this claim pursuant to FRCP 12(e).

**B.**     **Plaintiff's Negligence Claim (Count III) Is Not Properly Pled**

In Arizona, "[t]o establish a claim for negligence, a plaintiff must prove four elements: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's

---

[4] This fact may be judicially noticed pursuant to Fed. R. Evid. 201.

conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 214 Ariz. 141, ¶ 9, 143, 150 P.3d 228, 230 (2007). First, Plaintiff's Complaint fails to incorporate the "history" section into the specific Counts he alleges.[5] In his negligence claim, Plaintiff alleges only that "[D]efendant was negligent by their [sic] failure to abide by federal law . . . buy [sic] calling a party listed on the DNCR, absence [sic] expressed consent." (Doc. 1 at 4:25-27). Plaintiff further alleges that, because Defendant allegedly "settled a class action lawsuit for [TCPA] claims . . . , the [D]efendant can't plead ignorance of the TCPA." (*Id*. at 4:31-35). Plaintiffs' reference to an alleged settlement in another action is not only improper, it is insufficient to establish negligence in this case.

For the reasons articulated above and incorporated here, Plaintiff has not properly pled breach of an owed duty of care under FRCP 8(a)(2). Even if the claim was pled properly, Plaintiff's attempt to recover on a negligence claim in addition to his statutory claims is not allowed. Accordingly, Plaintiff's negligence claim should be dismissed pursuant to FRCP 12(b)(6).

### C. Plaintiff's Arizona Intrastate Telemarketing Claim (Count IV) Fails As A Matter of Law

A.R.S. § 44-1282 (Arizona's intrastate telemarketing statute) does not contain a private right of action. The statute provides, in relevant part:

> A violation of this section is an unlawful practice pursuant to § 44-1522. **The attorney general may investigate and take appropriate action** . . . . This subsection is in addition to all other causes of action, remedies and penalties **available to this state**. All monies collected as fines and civil penalties pursuant to this subsection shall be credited to the **state general fund**.

Ariz. Rev. Stat. Ann. § 44-1282(C) (emphasis added). On its face, A.R.S. § 44-1282 provides a right of action only to the attorney general. Moreover, any fines or civil penalties go the state general fund and are not recoverable by individuals.

---

[5] This applies to all Counts contained in Plaintiff's Complaint.

4753304.1                                        6

Plaintiff's claim under A.R.S. § 44-1282 fails as a matter of law, because the statute itself precludes a private right of action. Count IV of Plaintiff's Complaint is therefore a claim upon which relief cannot be granted and should be dismissed pursuant to Rule 12(b)(6).

## IV.    CONCLUSION

Plaintiff's Complaint does not plausibly suggest an entitlement to relief such that it is not unfair to require Defendant to be subjected to the expense of discovery and continued litigation. Therefore, Plaintiff's Complaint does not contain sufficient allegations of underlying facts to give fair notice and to enable the Defendant to defend itself effectively. Accordingly, Defendant respectfully requests the Court to dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(6).

DATED this 9th day of February, 2016.

JONES, SKELTON & HOCHULI, P.L.C.


By  **/s/ *Douglas R. Cullins***
   Douglas R. Cullins
   Kenneth L. Moskow
   2901 North Central Avenue, Suite 800
   Phoenix, Arizona  85012
   *Attorneys for Defendant Walgreen Arizona Drug Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of February, 2016, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

. . .

. . .

. . .

. . .

4753304.1                          7

1        I further certify that some of the participants in the case are not registered CM/ECF users.  I have mailed the foregoing document to the following non-CM/ECF participants:

Richard Shupe
3657 South Double Echo Road
Tucson, Arizona 85735
*Plaintiff Pro Se*

**/s/ *Cindy Miller*** _____