1
2
3
4
5

**IN THE UNITED STATES DISTRICT COURT**

6

**FOR THE DISTRICT OF ARIZONA**

7

8   Richard Shupe,

CV-16-0001-TUC-DCB

9                          Plaintiff,

10   v.

**ORDER**

11   Walgreens Co.,

12

13                          Defendant.

14

15       Before the Court is Defendants' Motion to Dismiss Complaint pursuant to Federal

16   Rule of Civil Procedure 12(b)(6). (Doc. 4).

17

18   **Background**

19       Plaintiff, Richard Shupe pro se, seeks relief in the form of statutory, compensatory

20   and punitive damages arising out of Defendants alleged violations of 47 U.S.C. §227,

21

22   A.R.S. §44-1282 and negligence. Plaintiff filed his original complaint in federal court on

23   January 4, 2016 (Doc. 1) and Defendant filed a motion to dismiss pursuant to

24   Fed.R.Civ.P. 12(b)(6) on February 9, 2016 and requested an oral argument. (Doc. 2)

25

26   Plaintiff filed a motion to deny oral argument and a response to the Defendant's motion

27   to dismiss on February 19, 2016. Defendant subsequently filed a motion to strike

28   Plaintiff's motion to deny oral argument and a motion to extend the deadline for Fed. R.

Civ. Pro. 26(f) to a reasonable time following the Court's ruling on the pending motion to dismiss.

Plaintiff's original complaint and proposed amended complaint allege that Defendant violated 47 U.S.C. §227 (Count 1 and 2) and A.R.S. §44-1282 (Count 3) by making a series of phone calls to Plaintiff's prepaid cellular telephone. Additionally, Plaintiff alleges that Defendant acted negligently (Count 4).

**Standard of Review –**

**A. Fed.R.Civ.P. 12(b)(6)**

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When analyzing a motion to dismiss, the Court must "accept factual allegations in the complaint as true" and construe "the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998). A plaintiff's complaint will not be dismissed if it simply alleges enough facts to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007). However, "the court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Spreewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

With these pleading standards in mind, the Court also recognizes that the pleadings of pro se litigants are held to a less stringent standard and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can

- 2 -

prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Still, a dismissal under Rule 12(b)(6) may be based on the "lack of a cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)

Although Fed. R. Civ. Pro. 8(a)(2) requires only that a complaint put a defendant on notice by pleading a "short and plain statement of the claim showing that the pleader is entitled to relief," the Court ruled in *Twombly* that a claim must state enough facts to be "plausible on its face." 550 U.S. 544, 570 (2007). In *Iqbal*, the Court explained "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. 662, 678 (2009).

**B. Fed.R.Civ.P. 15**

Fed. R. Civ. Pro. 15 outlines the procedural requirements for filing an amended complaint prior to trial. A party is permitted to amend their complaint once as a matter of course within 21 days of serving the original complaint or within 21 days of a service of a motion under Rule 12(b), (e) or (f). Fed. R. Civ. Pro. 15(a)(2) outlines all other amendments and requires a party seeking amendment in other circumstances to get written consent from the opposing party or the court's leave.  In determining whether a the court should grant a motion for leave to amend, the court should consider five factors: 1) bad faith; 2) undue delay; 3) prejudice to the opposing party; 4) futility of amendment; and 5) whether the plaintiff has previously amended his complaint. *Nunes v. Ashcroft*,

348 F.3d 815, 818 (9th Cir. 2003).   The Court has the authority to deny a requested amendment for futility. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). "Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1076, 1077 (9th Cir. 2004). However, if the Court determines that the pleading could be cured by additional allegations of facts, a pro se litigant is entitled to an opportunity to amend a complaint before it is dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000).

**Discussion**

**A.  Count I & Count II: Violation of 47 U.S.C. §227, 47 C.F.R. §64.1200**

Plaintiff's proposed amended complaint alleges that Defendant called Plaintiff's prepaid cellular telephone 28 times between the dates of April 25, 2015 and December 16, 2016 using an automatic telephone dialing system and left prerecorded messages absent consent from Plaintiff. (Doc. 12-1) Plaintiff concedes that "years ago" his spouse gave Defendant his telephone number but was told by Walgreen's pharmacist that the number would be used only for verification purposes when picking up a prescription from the store and Plaintiff's spouse stipulated that Defendant not call this number. *Id*. at 4-5. Plaintiff alleges that sometime after this, Defendant began calling Plaintiff's cellular telephone and was again told not to call this number for any reason. *Id.* at 5. In January 2013, Plaintiff alleges that he sent a cease and desist letter to the Defendant that demanded Defendant no longer make calls to this number. *Id.*

Additionally, Plaintiff alleges that he informed Defendant that these calls were causing his spouse physical harms and that due to the critical nature of the prescription

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff did not need to be informed of when to pick it up. *Id.* Furthermore, Plaintiff alleges that in July 2003, he registered this cellular telephone number on the National Do Not Call Registry and this cell phone is a prepaid cell service provided by TracFone. *Id.*

Specifically, the calls consisted of two automated messages from Defendant. First, Defendant would call Plaintiff's phone and leave the following message: "Thanks for using Walgreens pharmacy located at the southwest corner of Cardinal and Valencia avenue in Tucson. Your prescription is ready to be picked up at the Walgreens pharmacy located at the southwest corner of Cardinal and Valencia Ave. Again, thank you for using Walgreens Pharmacy." *Id.* at 6. The first call would be followed up with a second call stating, "Thank you for your recent call to Walgreens. We value your opinion and would like to ask you about the service you received for your recent call. Any feedback will help us to continue to improve our service to you. To begin in English press one." *Id.* at 6-7.

Plaintiff further alleges that Defendant purposefully, willfully and knowingly violated 47 C.F.R. §64.1200 by calling a number listed on the Do Not Call Registry. Plaintiff alleges that Defendants made 14 calls between April 25, 2015 and December 16, 2016 to Plaintiff's number that is listed on the Do Not Call Registry. *Id.* at 7-8.

Under Count I of Plaintiff's complaint and proposed amended complaint, Plaintiff seeks statutory damages in the amount of $1,500 per call under the federal statute 42 U.S.C. §227, the Telephone Communications Protection Act ("TCPA"). (Doc. 12-1). 42 U.S.C. §227(b)(1) places restrictions on uses of automated telephone equipment including a prohibition on using an automatic telephone dialing system to call a telephone

number assigned to a cellular service. 42 U.S.C. §227(b)(1)(A)(iii). However, the Code of Federal Regulations provides exceptions to TCPA restrictions including an exception for a "call that delivers a 'health care' message made by, or on behalf of, a 'covered entity' or its 'business associate,' as those terms are defined in the HIPAA Privacy Rule, 45 C.F.R. 160.103." 47 C.F.R. §64.1200(a)(2). The Code of Federal Regulations defines health care as any " … care, services, or supplies related to the health of an individual … [and] includes, but is not limited to … [s]ale or dispensing of a drug, device, equipment, or other item in accordance with a prescription." 45 C.F.R. §160.103.

Additional exceptions to the TCPA include calls that are "made for a commercial purpose but do not include or introduce an advertisement or constitute telemarketing." 47 C.F.R. §64.1200(a)(3)(iii). The term advertisement is defined as "any material advertising the commercial availability or quality of any property, goods, or services." 47 C.F.R. §64.1200(f)(1). The term telemarketing is defined as " … the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. §64.1200(f)(12).

Here, Plaintiff concedes that Defendant made calls to inform Plaintiff that his prescription was ready for pick up. (Doc. 12-1 at 6). While Defendant used an automatic telephone dialing system to call Plaintiff on a cellular telephone, the call is not prohibited under the TCPA or 47 C.F.R. §64.1200 because it is classified as a "health care" message as defined in 45 C.F.R. §160.103.

Similarly, the follow-up calls requesting that Plaintiff participate in a survey do not

violate the TCPA because they do not constitute advertising or telemarketing under the statute. Plaintiff concedes in his proposed amended complaint that these calls presented Plaintiff with an opportunity to provide feedback about Defendant's services. These calls neither "encourag[ed] the purchase or rental of, or investment in, property, goods, or services" nor constituted "material advertising the commercial availability or quality of any property, goods, or services." These calls fall under the exception to the TCPA discussed in 47 C.F.R. §64.1200(a)(3)(iii).

Therefore, Count I and Count II of Plaintiff's complaint and proposed amended complaint do not state a claim upon which relief can be granted, are futile and will be dismissed.

### B.  Count III: Violation of A.R.S. §44-1282

Plaintiff's complaint and proposed amended complaint allege that Defendant violated A.R.S. §44-1282 by making an intrastate call in violation of the TCPA. (Doc. 12-1 at 8). This complaint is based on the previously discussed calls made from Walgreens to Plaintiff's cellular telephone notifying Plaintiff of the availability of a prescription and inviting Plaintiff to participate in a follow-up survey.

Under Count III of Plaintiff's complaint and proposed amended complaint, Plaintiff seeks $1,000 per call made by Defendant. A.R.S. §44-1282 is Arizona's intrastate telemarketing statute and does not contain a private right of action. A.R.S. §44-1282(C) specifically states that "The attorney general may investigate and take appropriate action … All monies collected as fines and civil penalties pursuant to this subsection shall be credited to the state general fund." This appears to provide a right of action only to the

attorney general and explicitly states that any fines or civil penalties are not recoverable by individuals. Therefore, Plaintiff cannot bring this claim as a matter of law and Count III of Plaintiff's complaint and proposed amended complaint is futile, meritless and will be dismissed.

Alternatively, since the calls in question are not proscribed by the TCPA, they are not unlawful under the Arizona statute. Therefore, because the calls in question do not violate the TCPA, Count III of Plaintiff's complaint and proposed amended complaint will be dismissed because no violation of A.R.S. §44-1282 occurred.

## C.  Count IV: Negligence

Plaintiff's complaint and proposed amended complaint alleges that Defendant acted negligently by not paying attention to Plaintiff's cease and desist letter, Plaintiff's and his spouse's verbal request not to be called and by not "scrubbing" Plaintiff's telephone number from their calling list subject to the Do Not Call Registry. (Doc. 12-1 at 9). Plaintiff argues that "Defendant has a duty not to call a telephone number that was requested not to be called" and furthermore Defendant has a duty to check the Do Not Call Registry. *Id.*

Under Count IV, Plaintiff seeks compensatory and punitive damages for Defendant's alleged negligence. In order for a Plaintiff to prevail on a negligence claim they must prove, 1) a duty exists that requires the defendant to meet a certain standard of care; 2) the defendant breached that standard of care; 3) a causal connection between the defendant's breach and the plaintiff's injury exists; and 4) actual damages suffered by the plaintiff. *Gipson v. Kasey*, 214 Ariz. 141, 143 (2007).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Here, Plaintiff alleges that Defendant owed him a duty not to call. However, as discussed above, neither the TCPA nor A.R.S. §44-1282 prohibited the calls made by Defendant to Plaintiff. Therefore, Defendant did not owe or did not breach a duty of care to Plaintiff. Therefore, Plaintiff fails to establish the first two elements necessary for a negligence claim and Count IV of Plaintiff's complaint and proposed amended complaint will be dismissed.

Accordingly,

**IT IS ORDERED** that the Defendants' Motion to Dismiss Complaint (Doc. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to File an Amended Complaint (Doc. 12) is **DENIED** for the reasons stated herein.   This action is **DISMISSED**. The motion to deny oral argument (Doc. 7, 17), motions to strike (Docs. 10, 15) motion for extension of time (Doc. 11), and motion for electronic filing (Doc. 16) are denied as moot based on this Order. The Clerk's Office is directed to enter Judgment in accordance with this Order.[1]

Dated this 3rd day of August, 2016.



Honorable David C. Bury
United States District Judge

---

[1] Plaintiff should consider contacting the Federal Court Self-Service Clinic prior to filing Complaints in the future. To schedule an appointment, please contact the federal court librarian at (520) 205-4661. Clinics are held by appointment only.